OF THE

## STATE OF IOWA

AT

## DES MOINES, SEPTEMBER TERM, 1907

AND IN THE SIXTY-FIRST YEAR OF THE STATE

Anna Scow, Appellant, v. Farmers & Merchants Savings Bank, Appellee.

**Banks and banking:** LOANS: EVIDENCE. The evidence in an action
1  to recover upon an alleged loan of money evidenced by a
certificate of deposit is reviewed and held sufficient to support
a verdict for defendant.

**Same:** DEPOSITS: WRONGFUL ACT OF OFFICER: LIABILITY OF BANK.
2  Where a bank official, in active charge and control of the
bank's business, receives at his usual place of business the
money or credits of a customer, either as a time deposit or for
credit upon open account, the bank becomes at once chargeable
therewith; and a failure of the officer to make proper entry
on the bank books, or his wrongful act in appropriating the
fund to his own use, is not a defense to an action by the
depositor against the bank to recover the fund.

VOL. 136 IA.—1                  1

*Appeal from Winnebago District Court.*— HON. C. H. KEL-
LEY, Judge.

WEDNESDAY, MARCH 13, 1907.
REHEARING DENIED THURSDAY, OCTOBER 24, 1907.

ACTION at law to recover upon an alleged loan of money
evidenced by a certificate of deposit. Verdict and judgment
for defendant, and plaintiff appeals.— *Reversed,* and new
trial ordered.

*Andrew Miller* and *Oliver Gordon,* for appellant.

*D. W. Telford* and *H. A. Brown,* for appellee.

WEAVER, J. C.— Briefly stated, the plaintiff claims
that in April, 1904, she loaned to the defendant bank the
sum of $1,550, and, as an evidence of said transaction, said
bank delivered to her a certificate of deposit for said sum
payable six months after date with interest at 6 per cent.
She further alleges that, some time after the transaction here
mentioned, the bank, without her authority, knowledge, or
consent, obtained possession of said certificate of deposit
from her husband, C. L. Scow, who had no authority to
surrender the same; that she has never in any manner in-
dorsed or negotiated said paper; that it is due and unpaid —
and she asks judgment for the amount thereof, principal and
interest. The defendant denies that it borrowed any money
whatever from the plaintiff, and says that the plaintiff's al-
leged claim is based on the following transaction: That one
C. E. Gunhus, who was then the president of the bank, be-
came and was indebted to the plaintiff upon a personal trans-
action in which the bank had no interest whatever, for which
indebtedness plaintiff held the personal promissory note of
Gunhus, who wrongfully and without authority, and without
any consideration to the bank, executed and delivered to
plaintiff in payment or exchange for said note the certificate

of deposit sued upon in this action, and that later, on June 20, 1904, Gunhus returned the certificate to the bank, which has since retained its possession.

The evidence tends to show that, about a year prior to the date of the certificate in suit, the plaintiff and her husband sold a tract of land to one Espeland, who had money on deposit in the defendant bank. The deal was closed in the bank with the assistance of Gunhus, and Espeland paid by check on the bank to or for the plaintiff the sum of $2,029.82. It is the claim of the plaintiff, quite strongly corroborated by other evidence, that this sum was left in the bank for her use, and that Gunhus then and there issued to her a certificate of deposit or deposit slip therefor. Gunhus says that, while he did prepare a statement in the nature of a deposit slip or certificate of deposit, plaintiff's husband, who transacted the business for her, declined to take it, saying he or they had creditors who might garnish the bank, and thereupon Gunhus gave to the plaintiff or to her husband his own personal obligation or promissory note, and transferred the $2,029.82 to the credit of his personal account. From time to time during the succeeding year, checks were issued by plaintiff and her husband on the defendant bank aggregating several hundred dollars, all of which were duly honored and paid, though it now appears that the several sums so paid were charged upon the books of the bank to the personal account of Gunhus. On April 27, 1904, plaintiff's husband went to the bank, and there surrendered the paper he held (whether certificate of deposit or the personal note of Gunhus is in dispute, as we have already noted), and received in place thereof the certificate of deposit on which this action is based. Plaintiff's claim that the amount received from Espeland was left in the bank as a deposit, and not as a personal loan to Gunhus, is strongly corroborated by the fact that she still has and produces in evidence the ordinary deposit slip issued to her under date of April 7, 1903, for

1. BANKS AND BANKING: loans: evidence.

$2,029.82, on which there is written a memorandum signed by Gunhus that " a certificate' of deposit will be given when all is settled," and by the further fact that plaintiff and her husband were permitted during the succeeding year to check upon the account to the amount of several hundred dollars, and that such checks were honored without objection or protest. It is also not without significance that Gunhus does not produce or account for the canceled note which he claims to have taken up with the certificate of deposit issued in April, 1904. The certificate of April 27, 1904, was regularly entered upon the books of the bank, but at some time thereafter a memorandum of cancellation was attached to the entry. About June 20, 1904, Gunhus seems to have reached the end of his financial rope, and was called to account by other officers of the bank with respect to this certificate, and notified that he must take it up. Thereupon he went to the farm where plaintiff lived and arranged with the husband to give it up and receive in exchange the personal promissory note of Gunhus and his wife. The husband testifies that Gunhus requested this change in securities as a temporary arrangement on account of an impending visit of the bank examiner, after which the certificate would be returned. The story of Gunhus is to the effect that he informed Scow he could not raise the money to take up the certificate, and proposed to give in lieu thereof the joint note of himself and wife. This he says Scow agreed to, and called to plaintiff to bring the certificate, which she did, and the papers were then exchanged without objection on her part. Both plaintiff and her husband deny that the former was present or had any knowledge of the husband's act in turning the certificate over to Gunhus, and testify that her first knowledge of the fact was obtained several days later. When the certificate was returned to the bank, and not earlier than June 20, 1904, the cashier canceled it with the " paid " stamp of the bank under date of April 29, 1904. Other circumstances having more or less bearing on the merits of the con-

troversy appear in the record, but are not essential to the
questions raised by the appeal. Suffice it to say that, so
far as the fact propositions are concerned, their truth or
falsity was a jury question, and the preponderance of the
evidence in either direction was not so marked or conclusive
that we should feel warranted in disturbing a verdict ren-
dered therein.

We turn therefore to the questions of law argued by
counsel. Among other things, the court
charged the jury as follows:

2. SAME:
deposits:
wrongful
act of officer:
liability of
bank.

(3)   If in fact it was the intention and
understanding of C. L. Scow to leave said
money in the defendant bank as a deposit in
the ordinary course of business, either at the time the certifi-
cate of deposit in question was issued or prior thereto, and if
such certificate was issued in pursuance of the business of
the defendant bank, and if the defendant bank actually re-
ceived the amount of money represented by such certificate,
your verdict should be for the plaintiff.

(4)   Under the law of this State, no officer of a sav-
ings bank has authority to issue a certificate of deposit, or
bind the bank for any indebtedness, except where the bank
actually receives the money or some other valuable considera-
tion therefor. If you find, from the weight or preponder-
ance of the evidence introduced upon trial, that the defend-
ant did not receive any consideration for the certificate of
deposit in question either at the time same was issued or
prior thereto, then defendant is not liable thereon, and, if
you find so, your verdict should be for the defendant. The
burden is upon the defendant to so prove.

(5)   If you find from the weight or preponderance
of the evidence introduced upon the trial that, at the time
said certificate of deposit was issued, C. E. Gunhus was
personally indebted to plaintiff, substantially as claimed by
defendant, and that said certificate of deposit was issued
by said Gunhus in payment of such personal indebtedness,
and that in fact the defendant bank did not, at such time
or prior thereto, receive from C. L. Scow or Anna Scow any
money or other valuable consideration because of such cer-

tificate, your verdict should be for the defendant. The burden is upon the defendant to so prove.

The effect of the paragraph quoted is to inform the jury that, if a good and sufficient deposit of the money in the bank was made by the plaintiff or her husband at the time of the original transaction in the spring of 1903, then the defendant was liable, and the verdict should be for the plaintiff. Appellant accepts this statement of the law as correct, but assigns error upon the phrase, " if the bank actually received the amount of money represented by such certificate," which qualification is repeated in substance in each of the quoted paragraphs. To appreciate the full force of the objection here raised, it must be remembered that the money belonging to the purchaser of plaintiff's land was already in the bank, and the payment was effected by a transfer of credit, and not of cash. The testimony was such the jury could have found that Gunhus, while professing to transfer the credit to the plaintiff and issuing to her a certificate of deposit or deposit slip therefor, so manipulated the books as to conceal the existence of such certificate and transferred the money to the credit of his own private account, and the bank, to all appearances at least, had received nothing whatever from the plaintiff or from any one else on her account.

Now, we are fully persuaded that, whether so intended or not, the charge of the court is fairly open to the construction that the bank could not be held liable upon a certificate so issued, and this we think is not a correct statement of the law. If a bank cashier or a bank president who is engaged in the active charge and control of the bank's business receives at his usual place of business the money or credits of a customer either as a time, deposit or for credit on open account, the bank becomes at once chargeable therewith, and the fact that the officer puts it down in his own pocket or converts it to his own use is no defense to an action by the depositor, if no collusion in the wrong appears on the part

of the latter. The failure of the officer to make proper entry in the books, or his wrongful act in making an improper entry, is, so far as the depositor is concerned, the failure and wrong of the bank's own agent, and, under such circumstances, in the absence of guilty knowledge or collusion on part of the depositor, the loss, if any, is its loss. 5 Cyc. 516, and note. Our statute governing banks and banking contains nothing affecting the application of this salutary rule which is based upon the fundamental principles of the law of agency.

Other objections raised to the instructions are not well taken. Many exceptions were preserved to rulings upon the introduction of testimony. We think the court could well have given the appellant wider latitude in the cross-examination of the witness Gunhus, to whose devious methods of business this loss, which some one must bear, appears to be directly chargeable; but we should not be inclined to reverse on that ground alone.

For the error in instructions to which we have above referred, a new trial is ordered.— *Reversed.*